Russell C. Petersen (Cal. Bar No. 264245)
Russ.Petersen@hansonbridgett.com
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Fax: (415) 541-9366

Li Chen (*pro hac vice*)
lchen@chenmalin.com
Kristoffer Leftwich (*pro hac vice*)
kleftwich@chenmalin.com
Michael J. Fagan, Jr. (*pro hac vice*)
mfagan@chenmalin.com
Chen Malin LLP
1700 Pacific Avenue, Suite 2400
Dallas, TX 75201
Telephone: (214) 627-9950
Fax: (214) 627-9940

Attorneys for
Everlight Electronics Co., Ltd. and
Everlight Americas, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Everlight Electronics Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Bridgelux, Inc., <br><br> Defendant. | Case Number: 4:17-cv-3363-JSW <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Complaint Filed:  June 10, 2017 <br> Am. Ans./Countercl. Filed:  July 31, 2017 <br> Countercl. Answer Filed:  Aug. 21/31, 2017 <br> Judge:  Hon. Jeffrey S. White, Courtroom 5 |
| Bridgelux, Inc., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Everlight Electronics Co., Ltd. and Everlight Americas, Inc., <br><br> Counterclaim Defendants. | |

Plaintiff and Counterclaim Defendant Everlight Electronics Co., Ltd. ("Everlight"), Counterclaim Defendant Everlight Americas, Inc. ("ELA"), and Defendant and Counterclaim Plaintiff Bridgelux, Inc. ("Bridgelux") respectfully submit this joint case management statement summarizing the issues discussed during the parties' conference pursuant to Fed. R. Civ. P. 26(f) and in preparation for the Court's case management conference scheduled for September 15, 2017.

## I. JURISDICTION AND SERVICE

This case presents a federal question, namely, an action for patent infringement under the patent laws of the United States. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a). There are no outstanding issues regarding personal jurisdiction or venue. No parties remain to be served under the original complaint or either party's current counterclaims.

## II. FACTS

### A. Agreed Statement:

On June 10, 2017, Everlight filed its complaint alleging patent infringement. Everlight owns U.S. Patent Nos. 6,335,548 ("the '548 Patent") and 7,253,448 ("the '448 Patent") (collectively, the "Everlight Patents"). The patents-in-suit claim inventions relating to the manufacture of devices incorporating light emitting diodes (LEDs). In particular, the Everlight Patents claim inventions relating to the design and structure of packaged LEDs incorporating materials for extracting heat away from the LED.

Everlight contends that Bridgelux manufactures, imports, and/or sells packaged LEDs in the U.S. that incorporate materials for extracting heat away from the LED. Everlight asserts that these devices, including at least Bridgelux's 2835 series of devices, comprise the elements recited in the claims of the Everlight Patents.

On July 6, 2017, Bridgelux filed its Answer and Counterclaims, disputing Everlight's contentions, asserting affirmative defenses and asserting counts for declaratory judgment of non-infringement and invalidity.

On July 26, 2017, Everlight filed its Answer to Bridgelux's Counterclaims.

1

On July 31, 2017, Bridgelux filed its First Amended Counterclaims (the "FAC"), adding counts for patent infringement against Everlight and Everlight Americas, Inc. ("Everlight Americas"). Bridgelux alleges in the FAC that Everlight and Everlight Americas infringe U.S. Patent Nos. 6,869,812 ("the '812 Patent"); 8,092051 ("the '051 Patent"); 8,256,929 ("the '929 Patent"); and 8,567,988 ("the '988 Patent") (collectively, the "Bridgelux Patents," together with the Everlight Patents, the "Patents-in-Suit"). The Bridgelux Patents claim inventions relating to an efficient LED array and a high-power AlInGaN-based multi-chip LED. Bridgelux has alleged that Everlight and Everlight Americas infringe the Bridgelux Patents by making, using, selling, offering to sell and/or importing products, including but not limited to Everlight's 2835 9V 1W 6500K and XUAN 1313 8W, which comprise each of the elements in at least one of the claims in the Bridgelux Patents.

On August 21, 2017, Everlight filed its Motion to Dismiss Bridgelux's Seventh and Eighth Counterclaims. Bridgelux opposed Everlight's motion on September 5, 2017.

On August 21, 2017, Everlight filed its answer to the FAC, asserting eight counterclaims against Bridgelux for declaratory judgment of non-infringement and invalidity of the Bridgelux Patents. Bridgelux will respond to Everlight counterclaims on or before September 11, 2017.

On August 31, 2017, Everlight Americas filed its Motion to Dismiss Bridgelux's Seventh and Eighth Counterclaims. Bridgelux will opposed Everlight's motion on September 14, 2017.

On August 31, 2017, Everlight Americas filed its answer to the FAC, asserting eight counterclaims against Bridgelux for declaratory judgment of non-infringement and invalidity of the Bridgelux Patents. Bridgelux will respond to Everlight Americas' counterclaims on or before September 21, 2017.

**B.   Response by Everlight and ELA (Counterclaim Defendants).[1]**

Bridgelux asserted its patents against Everlight and ELA without consideration for critical

---

[1] Bridgelux believes a "response" is inappropriate in the "Facts" section of the parties' Joint Case Management Statement. According to the Northern District of California's model Joint Case Management Statement and Proposed Order, the parties are expected to provide "*A brief chronology of the facts and a statement of the principal factual issues in dispute*." Bridgelux has requested Everlight and Everlight Americas to remove argumentative statements and they have

1  claim limitations, notice requirements, and license agreements that abrogate Bridgelux's causes of
2  action. Everlight and ELA have detailed these various issues in their respective answers to
3  Bridgelux's counterclaims and in motions to dismiss.
4     By way of example, every claim of Bridgelux's '988, '051, and '929 Patents include a
5  critical claim limitation not found in the accused Everlight products. In particular, every claim of
6  the '988 Patent requires an apparatus with "a plurality of LED chips mounted **directly** to the
7  reflective surface of the metal substrate." The '988 Patent, claim 1 (emphasis added). Similarly,
8  the related '051 and '929 Patents recite methods for manufacture of LED chips including the step of
9  "mounting a plurality of LED chips **directly** to the reflective surface of the metal substrate." *See*,
10 *e.g.*, the '929 Patent, claim 1 (emphasis added). In each case, the specification defines the term
11 "directly" by explaining that "when an element is referred to as being 'directly on' another element,
12 **there are no intervening elements present**." *See*, *e.g.*, the '988 Patent at 3:29-31 (emphasis
13 added). Bridgelux emphasized this point when it applied for this family of patents by stating that
14 "the term 'directly' is defined as **excluding any intervening elements (between the plurality of**
15 **LED chips and the surface of metal substrate)**." Application No. 12/240,011, Amendment at 6
16 (July 20, 2012) (emphasis added). Everlight has confirmed that at least one of the two accused
17 products includes intervening materials between the LED chips and the metal substrate. *See*, *e.g.*,
18 Everlight's Reply to Bridgelux's Affirmative Defenses and Its Answer and Counterclaims to
19 Bridgelux's First Amended Counterclaims, Doc. No. 35, at 34 (¶¶ 184 – 190) (Aug. 21, 2017).
20    Bridgelux's counterclaims fail to address this critical claim limitation or to analyze the
21 relevant structures of the accused products in any meaningful respect. As a result, Bridglux's
22 counterclaims for infringement of the '929 and '051 Patents are barred by 35 U.S.C. § 287(b).
23 Bridgelux asserted infringement of the '929 and '051 Patents under 35 U.S.C. § 271(g), which
24 concerns liability for the use or sale of products in the United States that were made in a foreign

---

declined to do so. In any event, because Everlight's and Everlight Americas' recitation of the facts is a restatement of arguments from their motions to dismiss and counterclaims, Bridgelux has responded and will respond substantively to these arguments in its oppositions to their respective motions.

jurisdiction according to a process patented in the United States. However, § 271(g) cannot be asserted without providing notice that meets the standard recited in § 287(b). There can be "[n]o remedies for infringement under section 271(g)" absent notice "**sufficient to persuade a reasonable person** that it is **likely that a product was made by a process patented in the United States**." 35 U.S.C. § 287(b)(2), (b)(5) (emphasis added). Bridgelux failed to provide such notice. The allegations of Bridgelux's counterclaims concerning the '929 and '051 Patents fail to demonstrate how the accused products meet the critical limitation of the patents requiring a **direct** connection between the LED chip and the underlying metal substrate that "**exclud[es] any intervening elements (between the plurality of LED chips and the surface of metal substrate)**." *See* Application No. 12/240,011, Amendment at 6 (July 20, 2012) (emphasis added). Thus, Bridgelux's counterclaims are insufficient to persuade a reasonable person that it is **likely** the accused products were made by a patented process. As a result, no remedy is available to Bridgelux, and Bridgelux's counterclaims should be dismissed. *See generally* Everlight's Rule 12(b)(6) Motion to Dismiss Bridgelux's Seventh and Eighth Counterclaims, Doc. No. 34 (Aug. 21, 2017).

Finally, Bridgelux has asserted its '812 Patent against an Everlight product that includes LED chips made by Bridgelux's licensee, Epistar. As a result, Bridgelux's claim of infringement is barred by a defense of license, implied license, or patent exhaustion. *See* Everlight's Reply to Bridgelux's Affirmative Defenses and Its Answer and Counterclaims to Bridgelux's First Amended Counterclaims, Doc. No. 35, at 22 (¶¶ 77-79) (Aug. 21, 2017).

### III.     LEGAL ISSUES

    A.     **Everlight Statement:**

Everlight has filed a Rule 12(b)(6) motion to dismiss Bridgelux's seventh and eighth counterclaims. Everlight asserts that 35 U.S.C. § 287(b)(2) and (b)(5) operate to bar Bridgelux's counterclaims absent notice of infringement "sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States." Bridgelux contends that these provisions operate only as a limitation on damages.

As is typical in patent cases, the Court may be called upon to construe, as a matter of law,

4

one or more terms recited in the claims of the patents-in-suit. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).

The Court may also be called upon to address motions for summary judgment or legal disputes involving the following issues:

- infringement, active inducement, and contributory infringement with respect to Bridgelux's packaged LED products;
- the existence of willful infringement;
- the amount and measure of damages, and the appropriateness of injunctive relief;
- noninfringement of the Bridgelux Patents;
- the validity and enforceability of the Bridgelux Patents; and
- the exceptionalness of this case and Everlight's entitlement to recovery of attorneys' fees and costs.

### B.     Bridgelux Statement:

Bridgelux states that, because it is early in the case, it is unclear precisely which legal issues in this case are in dispute, beyond those raised in Everlight's complaint, Bridgelux's answer and first amended counterclaims, Everlight's and ELA's answers and counterclaims to first amended counterclaims, and Bridgelux's answer to Everlight's and ELA's counterclaims discussed above.

Bridgelux believes it is likely that the disputed legal issues will include:

- construction of asserted claims in the Patents-in-Suit;
- comparison of the construed claims to Everlight's products, including its 2835-series and XUAN-series LEDs;
- if direct infringement is not found, whether Everlight and/or Everlight Americas has contributed to or induced the infringement of the Bridgelux Patents;
- if literal infringement is not found, whether Everlight's products, including its 2835-series and XUAN-series LEDs, infringe the Bridgelux Patents under the doctrine of equivalents;
- the amount that damages should be enhanced if willful infringement is found;
- whether and what injunctive relief should be granted on claims where liability is found and

5

such relief is available;

- whether Everlight's patents are invalid under 35 U.S.C. §§ 102, 103, and/or 112;
- whether Everlight's patents are unenforceable;
- when Everlight provided Bridgelux with actual notice of infringement; and

whether Everlight has complied with the marking requirement set forth in 35 U.S.C. § 287.

## IV. MOTIONS

Everlight and ELA have each filed a motion, Doc. Nos. 34 (Aug. 21, 2017) and 41 (Aug. 31, 2017), pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Bridgelux's seventh and eighth counterclaims for failing to state a claim on which relief may be granted. Bridgelux's seventh and eight counterclaims assert infringement of the '929 and '051 Patents, respectively. Each counterclaim alleges infringement pursuant to 35 U.S.C. § 271(g), and Everlight and ELA assert that each counterclaim is barred by 35 U.S.C. § 287(b) because Bridgelux's allegations fail to give notice that is "sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States." 35 U.S.C. § 287(b)(2), (b)(5).

Bridgelux opposed the Everlight motion on September 5, 2017. (Doc. # 45.) Everlight's motion is an *Iqbal*/*Twombly* challenge and fails because Bridgelux's First Amended Complaint contains adequately pleaded claims for "product by process" infringement pursuant to § 271(g). Furthermore, Everlight's motion relies on 35 U.S.C. §§ 287(b)(2) and (b)(5) to argue for a heightened pleading standard but on its face and as interpreted, Section 287 acts as a limitation on damages that courts have clearly held inapplicable at this stage in the litigation. Bridgelux will oppose Everlight Americas' motion.

Everlight's motion to dismiss is set for a hearing on October 6, 2017, at 9:00 a.m. ELA's motion to dismiss is set for a hearing on October 27, 2017, at 9:00 a.m. However, both motions address the exact same facts, law, and subject matter. The difference in hearing dates arose due to the different filing dates of the motions.

Future motion practice may be appropriate based on the parties' contentions and the claim construction process.

## V. AMENDMENT OF PLEADINGS

### A. Everlight Pleadings.

Everlight has not made a decision to add additional patents to the case, at this time, but investigations are ongoing as to whether additional patents may cover Bridgelux's packaged LED products.

### B. Bridgelux Pleadings.

Bridgelux does not currently anticipate filing any amended pleadings. Bridgelux reserve the right to seek leave to amend and to assert additional legal theories in this case if additional information becomes available.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines"). The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on August 23, 2017.

## VII. DISCLOSURES

### A. Everlight Disclosures.

Everlight served its initial disclosures pursuant to Fed. R. Civ. P. 26 on September 6, 2017.

### B. Bridgelux Disclosures.

Bridgelux served its initial disclosures pursuant to Fed. R. Civ. P. 26 on September 6, 2017.

## VIII. DISCOVERY

The parties agree that a privilege log does not need to be created for documents and communications created or occurring on or after June 10, 2017, when Everlight filed its Complaint.

The parties' proposed discovery deadlines are set forth in the parties' proposed schedules provided in section XVII, below.

### A. Protective and E-Discovery Orders.

The parties propose that the Court enter, and the parties conduct discovery pursuant to, revised versions of the Court's model protective and e-discovery orders for patent cases. The parties have discussed the Court's model protective and e-discovery orders, but have a difference of

opinion on certain provisions of each order. Each party has attached its preferred draft of each order and provide the following comments to aid the Court.

1. **Everlight's Position:**

    a. **Protective Order.**

Everlight has attached its preferred draft of the model protective order as **Exhibit A** to this statement.

Everlight requests the inclusion of a prosecution bar in the Court's protective order. LED lighting is a quickly growing and rapidly evolving industry. Both parties are involved in the development and marketing of new technologies, and the case is likely to involve the discovery of sensitive technical information about the design, structure, and manufacture of each party's products. The parties should not use such discovery about another party's technology or research and development efforts to guide their own filings at the United States Patent and Trademark Office.

Everlight further requests that employees of a party, including house counsel, be excluded from receiving information designated "Highly Confidential – Attorneys' Eyes Only." The parties and their affiliates are in active competition in the United States and overseas. Accordingly, there should be a confidentiality designation by which the parties may restrict disclosure to outside counsel to ensure that highly sensitive information is used for the purposes of this litigation only, and to eliminate any risk that such highly sensitive information is inadvertently distributed or used within an opposing party's technical, marketing, or sales organization.

For similar reasons, Everlight requests that non-legal employees of a party, such as directors, officers, and sales, marketing, and technical employees, be excluded from receiving information designated "Confidential." The parties and their affiliates are in active competition in the United States and overseas, and such non-legal employees inherently have a role in that competition. As such, they should not receive any information proprietary to an opposing party or on which they may make competitive commercial decisions against the opposing party. Designated House Counsel may receive information designated "Confidential."

        b.        **E-Discovery Order.**

Everlight has attached its preferred draft of the model e-discovery order as **Exhibit B** to this statement.

Everlight believes that production of extensive metadata records, beyond distribution lists and the date and time an email is sent, will unnecessarily increase the cost of discovery without assisting the parties to resolve anticipated issues in this litigation. For that reason, Everlight proposes that the Court adopt the following provision, which has been adopted by other courts considering e-discovery in patent cases:

> Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

*See, e.g.*, [Model] Order Regarding E-Discovery in Patent Cases (E.D. Tex. March 19, 2014) (http://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf) (copy attached as Exhibit C).

    **2.**    **Bridgelux Position:**

        a.        **Protective Order.**

Bridgelux has attached its preferred draft of the model protective order as **Exhibit D** to this statement.

Bridgelux is amenable to revising its preferred draft of the model protective order to further limit a receiving party's access to a producing party's sensitive information. Bridgelux believes further discussion amongst the parties towards ensuring that only essential persons get access can result in an agreed-upon protective order and hopes to provide an update at the September 15, 2017 case management conference.

        b.        **E-Discovery Order.**

Bridgelux has attached its preferred draft of the model e-discovery order as **Exhibit E** to this

statement.

Bridgelux is amenable to revising its preferred draft of the e-discovery order. Bridgelux believes further discussion amongst the parties towards ensuring that only reasonably accessible metadata be produced can result in an agreed-upon protective order and hopes to provide an update at the September 15, 2017 case management conference.

**B.    Discovery to Date.**

The parties have not taken any discovery to date.

**C.    Anticipated Everlight Discovery.**

Everlight intends to take fact discovery, including taking depositions and serving document requests, interrogatories, and requests for admission, related to the identity and structure of Bridgelux's packaged LED products incorporating materials for heat extraction; the number of units made, imported, and/or sold in the United States with respect to each such product; the number of units made overseas destined for sale or distribution in the United States; and the revenues attributable to such manufacturing, importation, and/or sale.  Everlight may also serve subpoenas on third parties involved in the design, manufacture, marketing, sale, or distribution of Bridgelux's packaged LED products.

Everlight and ELA may serve subpoenas on the inventors of the Bridgelux Patents, seeking information related to the conception, reduction to practice, ownership, construction, and validity of the inventions claimed in the Bridgelux Patents, and on other third parties with knowledge or information related to prior art.

Everlight and ELA anticipate conducting expert discovery directed to the opinions held and reports prepared by Bridgelux's experts.

**D.    Anticipated Bridgelux Discovery.**

Bridgelux anticipates serving document requests, interrogatories, and requests for admission. Bridgelux anticipates serving Fed. R. Civ. P. 30(b)(6) deposition notices and other deposition notices on Everlight and Everlight Americas. Bridgelux also anticipates serving subpoenas on third parties, including third parties with knowledge of prior art, the named inventors

of the Patents-in-Suit, and other third parties with information relevant to conception, reduction to practice, validity, damages, ownership, or other issues that may arise over the course of discovery. Bridgelux anticipates serving discovery on subjects including damages, ownership, claim construction, infringement, and invalidity.

Bridgelux further anticipates conducting expert discovery directed to expert reports and expert opinions. Bridgelux anticipates completing written discovery and fact depositions in advance of the deadline for fact discovery and expert reports and expert depositions before the deadline for expert discovery.

Bridgelux believes that expert discovery should occur after the close of fact discovery and issuance of a *Markman* order. Other than this sequencing of fact and expert discovery, Defendants do not believe it necessary to conduct discovery in phases.

Bridgelux reserves the right to seek additional discovery should it become necessary over the course of the case.

## IX. CLASS ACTION

This case is not a class action.

## X. RELATED CASES

There are no related cases at this time.

## XI. RELIEF

### A. Relief Requested by Everlight on Everlight's Claims of Infringement Against Bridgelux.

Everlight is seeking an injunction prohibiting Bridgelux from making, using, selling, or offering to sell the accused products in the United States, and from importing such products into the United States. Everlight is seeking damages pursuant to 35 U.S.C. § 284 adequate to compensate for the infringement of the patents-in-suit by Bridgelux, including, at a minimum, a reasonable royalty for the uses Bridgelux has made of the inventions claimed in each of the Everlight Patents. Everlight is also seeking treble damages for the willful infringement of the patents-in-suit by Bridgelux since at least the filing of the complaint in this action. However, Everlight is not

currently in a position to compute or estimate the amount of damages at issue in this case. As Bridgelux is a privately-held company, Everlight requires discovery to determine the full extent of Bridgelux's infringement, the extent of Bridgelux's willfulness, and the number of sales and amount of revenues on which lost profits or a reasonable royalty may be calculated.

### B. Relief Requested by Everlight and ELA on Bridgelux's Counterclaims of Infringement Against Everlight and ELA.

Everlight and ELA request that the Court dismiss Bridgelux's seventh and eighth counterclaims for failure to state a claim on which relief may be granted. Everlight and ELA also request that the Court issue a judgment that the claims of the Bridgelux Patents are invalid and not infringed.

### C. Relief Requested by Bridgelux on Everlight's Claims of Infringement Against Bridgelux.

Bridgelux is seeking declaratory judgment that the Everlight Patents are not infringed by Bridgelux or are invalid for failing to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### D. Relief Requested by Bridgelux on Bridgelux's Counterclaims of Infringement Against Everlight and ELA.

Bridgelux is seeking to recover reasonable royalties and/or other compensatory damages to which it is entitled as a result of Defendants' infringing activities, and may additionally seek enhances damages, attorneys' fees, prejudgment interest, and costs.

Bridgelux has not yet retained a damages expert and has not had the benefit documents through discovery. Despite a diligent pre-suit investigation Bridgelux has been unable to approximate the extent of sales of the accused products and will seek this data in discovery. Accordingly, Bridgelux's calculation of damages has not yet been computed.

In addition to damages, Bridgelux is also seeking temporary, preliminary, and permanent injunctive relief.

## XII. SETTLEMENT AND ADR

The parties met and conferred on the ADR process on September 1, 2017. Everlight would prefer a settlement conference. Bridgelux would prefer early neutral evaluation, but is evaluating a settlement conference as an alternative. The parties will provide an update on the ADR process to the Court at the September 15, 2017 case management conference.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES

This case involves legal issues related to patent law with which this court has ample experience and for which this court has developed and implemented special rules and procedures in the form of the Patent Local Rules. The technology involved can be understood and appreciated by the Court through the testimony of experts without submission to a special master. The patents in suit are not currently being asserted in multiple districts. Accordingly, this case is not suitable for binding arbitration, referral to a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

As is typical in a case for patent infringement, the parties expect that the exchange of contentions and the claim construction process will assist the parties in identifying issues that can be narrowed or resolved prior to trial. The parties will discuss opportunities to streamline the presentation of evidence and to present stipulated facts as trial approaches.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe this case is appropriate for resolution under the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

The parties propose the following guidelines for scheduling:

| Deadline | Everlight Parties | Bridgelux |
|---|---|---|
| Initial Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1, 3-2) | October 27, 2017 | October 27, 2017 |
| <u>Production of documents identified in Rule 26 initial disclosures</u> | November 17, 2017 | October 30, 2017 |
| Preliminary Invalidity Contentions (Patent L.R. 3-3) and Initial Document Production (Patent L.R. 3-4) | December 8, 2017 | December 8, 2017 |
| Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | December 22, 2017 | October 22, 2017 |
| Parties Meet And Confer To Identify 10 Claim Terms For Construction (Patent L.R. 4-1(b)) | December 22, 2017 – January 5, 2018 | October 22, 2017 – November 5, 2017 |
| Exchange Preliminary Proposed Construction (Patent L.R. 4-2(a)); Last Day to Exchange Preliminary Identification of Extrinsic Evidence (Patent L.R. 4-2(b)) | January 12, 2018 | November 12, 2017 |
| Damages Contentions | January 29, 2018 | January 29, 2018 |
| Joint Claim Construction Statement (Patent L.R. 4-3) | February 6, 2018 | December 6, 2017 |
| Responsive Damages Contentions | February 28, 2018 | February 28, 2018 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | March 8, 2018 | January 5, 2018 |
| Opening Claim Construction Brief (Patent L.R. 4-5(a)) | March 23, 2018 | January 20, 2018 |

| Deadline | Everlight Parties | Bridgelux |
|---|---|---|
| Responding Claim Construction Answer Brief (Patent L.R. 4-5(b)) | April 6, 2018 | February 3, 2018 |
| Claim Construction Reply Brief (Patent L.R. 4-5(c)) | April 13, 2018 | February 10, 2018 |
| Claim Construction (*Markman*) Hearing (Patent L.R. 4-6) | TBD: Approximately April or May 2018 | TBD: Approximately February or March 2018 |
| Claim Construction (*Markman*) Ruling | TBD: Approximately May or June 2018 | TBD: Approximately March or April 2018 |
| Advice Of Counsel Disclosures (Patent L.R. 3-7) | Claim construction ruling + 30 days | Claim construction ruling + 30 days |
| Close of Fact Discovery | Claim construction ruling + 90 days | Claim construction ruling + 90 days |
| Last Day to Designate Experts and Serve Expert Reports on Issues for Which a Party Bears the Burden of Proof | Close of fact discovery + 35 days / 5 weeks | Close of fact discovery + 35 days / 5 weeks |
| Opposition Expert Reports Due | Close of fact discovery + 56 days / 8 weeks | Close of fact discovery + 56 days / 8 weeks |
| Last Day of Expert (and Fact) Discovery | Close of fact discovery + 84 days / 12 weeks | Close of fact discovery + 84 days / 12 weeks |
| Last Day for Filing of Dispositive Motions | Close of expert discovery + 14 days / 2 weeks | Close of expert discovery + 14 days / 2 weeks |
| Last Day To Respond To Motions For Summary Judgment And *Daubert* Motions. | Close of expert discovery + 28 days / 4 weeks | Close of expert discovery + 28 days / 4 weeks |
| Last Day To File Reply Briefs Supporting Motions For Summary Judgment And *Daubert* Motions. | Close of expert discovery + 35 days / 5 weeks | Close of expert discovery + 35 days / 5 weeks |

| Deadline | Everlight Parties | Bridgelux |
|---|---|---|
| Each Party Serves Its List Of Fact Witnesses To Be Called At Trial. | Close of expert discovery + 56 days / 8 weeks | Close of expert discovery + 56 days / 8 weeks |
| Each Party Serves Its List Of Rebuttal Fact Witnesses To Be Called At Trial. | Close of expert discovery + 70 days / 10 weeks | Close of expert discovery + 70 days / 10 weeks |
| Parties File Motions In Limine. | Trial Date – 28 days | Trial Date – 28 days |
| Parties File Responses To Motions In Limine. | Trial Date – 21 days | Trial Date – 21 days |
| Parties File Proposed Exhibit Lists And Proposed Jury Instructions. | Trial Date – 14 days | Trial Date – 14 days |
| Pre-Trial Conference | Trial Date – 7 days | Trial Date – 7 days |
| Trial | June 2019 | March 2019 |

## XVIII. TRIAL

Everlight requests a trial by jury.  Everlight believes the parties could conclude the trial in two (2) weeks or less.

Bridgelux requests a trial by jury.  Bridgelux believe the parties could conclude the trial in two weeks or less.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Everlight has filed its Disclosure of Non-Party Interested Entities in compliance with Civ. L.R. 3-15.  Everlight refers the Court to Document No. 26, filed in this case on July 19, 2017.

For the Court's convenience, Everlight restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- The shareholders of Everlight Electronics Co., Ltd., a Taiwanese company whose common stock trades on the Taiwan Stock Exchange;
- Gentex Corporation, a Michigan corporation having a place of business at 600 N. Centennial Street, Zeeland, Michigan 49464.

ELA has filed its Disclosure of Non-Party Interested Entities in compliance with Civ. L.R. 3-15. Everlight refers the Court to Document No. 43, filed in this case on September 5, 2017.

For the Court's convenience, ELA restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- The shareholders of Everlight Electronics Co., Ltd., a Taiwanese company whose common stock trades on the Taiwan Stock Exchange;
- Everlight Americas, Inc., a Delaware corporation having a place of business at 3220 Commander Drive, Suite 100, Carrollton, Texas 75006;
- Bernd Kammerer, an individual; and
- Gentex Corporation, a Michigan corporation having a place of business at 600 N. Centennial Street, Zeeland, Michigan 49464.

Bridgelux has filed its Disclosure of Non-Party Interested Entities in compliance with Civ. L.R. 3-15. Bridgelux refers the Court to Document No. 24, filed in this case on July 6, 2017.

Bridgelux restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- **Chongqing Brightbridge Lighting Co. Inc.** owns 100% of Bridgelux.
- **Kaistar Lighting (Xiamen) Co., Ltd** owns 80% of Chongqing Brightbridge Lighting Co.

17

Inc.

- **Chongqing Lingkong Development Investment Group Co., Ltd** owns 20% of Chongqing Brightbridge Lighting Co. Inc.

XX.   PROFESSIONAL CONDUCT

All attorneys of record for Everlight, ELA, and Bridgelux have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Date: September 8, 2017

Respectfully submitted,

*/s/ Kristoffer Leftwich*
Russell C. Petersen (Cal. Bar No. 264245)
Russ.Petersen@hansonbridgett.com
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Fax: (415) 541-9366

Li Chen (*pro hac vice*)
lchen@chenmalin.com
Kristoffer Leftwich (*pro hac vice*)
kleftwich@chenmalin.com
Michael J. Fagan, Jr. (*pro hac vice*)
mfagan@chenmalin.com
Chen Malin LLP
1700 Pacific Avenue, Suite 2400
Dallas, TX 75201
Telephone: (214) 627-9950
Fax: (214) 627-9940

Attorneys for Plaintiff
Everlight Electronics Co., Ltd. and
Everlight Americas, Inc.

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a Notice of Electronic Filing to all counsel of record who have consented to electronic service.

*/s/ Kristoffer Leftwich*

Kristoffer Leftwich