UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGELUX, INC.,<br><br>Defendant. | Case No. 17-cv-03363-JSW   (EDL)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 69,  77, 81 |

District Judge White referred this case to the Court for discovery purposes. Pending before Court is a letter brief filed by Plaintiff Everlight Electronics Co., Ltd. and Defendant Bridgelux, Inc. on December 12, 2017. The parties in this patent infringement case have also filed two letter briefs updating the Court on the status of the discovery dispute. On January 4, 2018, the Court held a hearing on this matter and ruled on the record as outlined in this order.

This dispute centers on Defendant's responsibility to provide Plaintiff with prior art references from an earlier case brought by Defendant, BridgeLux, Inc v. Cree, Inc, Docket No. 9:06-cv-00240 (E.D. Tex. Oct 17, 2006). Although Defendant does not dispute the relevance of the requested materials, it has not produced them to Plaintiff based on Defendant's assertion that it had not retained records from that litigation. It committed to seeking the documents from its prior litigation counsel, but did not ask its counsel about the Cree prior art files until just before Plaintiff's invalidity contentions were due. See Patent L.R. 3-3. After the due date, Defendant informed Plaintiff that its counsel also had not retained them.

Plaintiff requests an order that Defendant provide Plaintiff with a declaration detailing its efforts to search for the Cree records, including any electronic searches it has undertaken of its own records. The Court **GRANTS** that request. Defendant is ordered to produce a declaration to Plaintiff by January 11, 2018.

Plaintiff also requests an order that it may rely on any previously unproduced materials from the Cree litigation without having to move to amend its invalidity contentions under Patent L.R. 3-6 to avoid that expense. In its most recent letter brief, Plaintiff requested an order that it be allowed to rely on a specific prior art reference, the Singer Reference, which is referenced in the Cree litigation and whose existence Defendant, despite knowing of, did not disclose to Plaintiff. Plaintiff argues that Defendant's failure to disclose the Singer Reference was in bad faith. Defendant opposes the issuance of this order, arguing that Plaintiff should have discovered the Singer Reference on its own by the exercise of due diligence because it was publically available as listed on the docket in the Cree litigation.

The Court **DECLINES** to order Plaintiff's requested relief at this time. Motions to amend invalidity contentions are addressed to the district judge. Such relief would be an unusual discovery sanction and the Court does not have the facts before it to determine whether Defendant acted in bad faith or Plaintiff failed to exercise due diligence. The Court recommends that, if Plaintiff would like to rely on the Singer Reference, Plaintiff file a motion to amend its invalidity contentions before Judge White. If Judge White grants the motion, it may well be appropriate to shift the fees incurred in bringing the motion to Defendant. Defendant has no objection to this approach.

**IT IS SO ORDERED.**

Dated: January 11, 2018

ELIZABETH D. LAPORTE
United States Magistrate Judge