| | |
|---|---|
| 1 | DANA J. FINBERG (SBN 257459) |
| | JEFF LEUNG (SBN 310960) |
| 2 | **ARENT FOX LLP** |
| | 55 Second Street, 21st Floor |
| 3 | San Francisco, CA 94105 |
| | Telephone: 415.757.5500 |
| 4 | Facsimile: 415.757.5501 |
| | Email: dana.finberg@arentfox.com |
| 5 | jeff.leung@arentfox.com |
| 6 | MICHAEL G. OLEINIK (SBN 181163) |
| | **ARENT FOX LLP** |
| 7 | 555 West Fifth Street, 48th Floor |
| | Los Angeles, CA 90013-1065 |
| 8 | Telephone: 213.629.7400 |
| | Facsimile: 213.629.7401 |
| 9 | Email: michael.oleinik@arentfox.com |
| 10 | Attorneys for Defendant/Counterclaimant |
| | Bridgelux, Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Everlight Electronics Co., Ltd., | Case No. 4:17-cv-03363-JSW |
| Plaintiff, | **DEFENDANT BRIDGELUX, INC.'S OPPOSITION TO EVERLIGHT ELECTRONIC CO., LTD'S REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| Bridgelux, Inc., | Complaint Filed: June 10, 2017 |
| Defendant. | Answer/Counterclaim Filed: July 6, 2017 |
| Bridgelux, Inc., | Hearing Date: February 2, 2018 |
| Counterclaimant, | Hearing Time: 9:00 am |
| v. | Courtroom: 5 |
| Everlight Electronics Co., Ltd., and Everlight Americas, Inc., | Judge: Hon. Jeffrey S. White, |
| Counterdefendants. | |
ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -
DEFENDANT'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE | CASE NO. 4:17-CV-03363-JSW

# BRIDGELUX, INC.'S OPPOSITION TO EVERLIGHT ELECTRONICS CO., LTD.'S REQUEST FOR JUDICIAL NOTICE

## I.   INTRODUCTION

Despite having the benefit of an extension and a third opportunity to file its response to Defendant-Counterclaimant Bridgelux, Inc.'s ("Bridgelux's") Motion to Dismiss Plaintiff-Counterdefendant Everlight Electronics Co., Ltd.'s ("Everlight's") First Amended Complaint, Everlight now attempts to sneak in and burden this Court with a procedurally improper request for judicial notice of records – not facts. This procedural gamesmanship should not be permitted.

Bridgelux opposes and respectfully requests that the Court deny Everlight's Request For Judicial Notice In Support Of Plaintiff Everlight Electronics Co., Ltd.'s Response To Defendant's Motion To Dismiss (the "Request").

## II.   STATEMENT OF RELEVANT FACTS

On December 18, 2017, Bridgelux filed a motion to dismiss Everlight's First Amended Complaint ("Motion to Dismiss"). (Dkt. No. 72 (redacted version); *see also* Dkt. No. 73-3 (unredacted version).)

On December 28, 2017, Everlight filed an administrative motion for an extension of the time to respond to Bridgelux's Motion to Dismiss (Dkt. No. 80), which was granted by the Court (Dkt. No. 83), making Everlight's response due on January 9, 2018 and Bridgelux's reply due on January 16, 2018.

On January 9, 2018, Everlight filed its Response. (Dkt. No. 89 (redacted version); *see also* Dkt. No. 88-3 (unredacted version).)

Then, Everlight filed its Response again. (Dkt. No. 90.)

Absent from any of Everlight's filings on January 9, 2018 was a filing requesting judicial notice pursuant to Fed. R. Evid. Section 201.

Furthermore, Everlight's Responses exceeded the fifteen-page limit for briefs as required by this Court's Standing Civil Order, prompting Bridgelux's administrative motion to strike Everlight's Responses. (Dkt. No. 91.)

//

After the parties met and conferred, Everlight filed a stipulation with proposed order regarding the refiling of Everlight's Response to Bridgelux's Motion to Dismiss in conformity with page limits (Dkt. No. 93), which was so-ordered by the Court (Dkt. No. 94). Neither the stipulation nor the Court's Order authorized Everlight to file a Request for Judicial Notice in support of its Response.

Finally, on January 16, 2018, after getting an extension of its time to respond to Bridgelux's Motion to Dismiss and getting a third opportunity to file its Response, Everlight filed its CORRECTED Response. (Dkt. No. 96 (redacted version); *see also* Dkt. No. 95-3 (unredacted version).)

Unlike its first or second attempt to file its Response, the CORRECTED Response included a Request for Judicial Notice. (*Compare* Dkt. Nos. 89, 90; *with* Dkt. No. 96.)

## III. ARGUMENT

The Court may judicially notice only "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may not "take judicial notice of any matter that is in dispute." *Spitzer v. Aljoe*, No. 13-05442, 2016 WL 3275148, at *1 (N.D. Cal. June 15, 2016).

"The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *Harrison v. Milligan*, 2012 WL 1835428, at *1 (N.D.Cal. 2012) (request denied) (citing *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (E.D.Cal. 1992)). "The judicial notice process is not the normal way to present documentary evidence. It is re-served for the very narrow category of evidence that is not subject to reasonable dispute." *See Pratt v. Hedrick*, 2015 WL 3880383, at *2 (N.D.Cal. 2015) (request denied).

//

//

Here, because Everlight fails to identify any "facts" of which it is asking the Court to take judicial notice and, as an end-run around the Court's page limitations, implicitly asks the Court to judicial notice of facts that are undeniably the subject of a dispute, this Court should deny the Request.

### A. Everlight Fails to Identify any "Facts" of Which it is Asking the Court to Take Judicial Notice.

Everlight's Request is no more than a single sentence:

> . . . pursuant to Federal Rules of Evidence section 201 and *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001), Plaintiff Everlight Electronics Co., Ltd. ("Everlight") requests that the Court take judicial notice of the following documents, true and correct copies of which are attached as Exhibits B-K to the Declaration of Li Chen in Support of Everlight's Response to Defendant's Motion to Dismiss.

Everlight failed to articulate any basis for the Court to take judicial notice of, or in any way consider, the exhibits to the Chen Declaration. Everlight's Request simply asks the Court to take notice of the entirety of numerous lengthy documents without specifying which facts in those documents are (a) relevant to the issues presented in the motion to dismiss and (b) not subject to reasonable dispute.

"The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a 'high degree of indisputability.'" *Stitt v. S.F. Mun. Transp. Agency*, No. 12-03704, 2013 WL 121259, at *2 (N.D. Cal. Jan. 8, 2013) (quoting *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005)). Moreover, "a court should only take judicial notice of those facts in the documents that are both undisputed and relevant to the issues presented in the motion to dismiss." *Id.* (emphasis in original).

### B. The Court Should Not Take Judicial Notice of Facts That are the Subject of a Dispute.

Everlight's Request is an obvious attempt to circumvent the Court's briefing page limitations under its Standing Civil Order, which Everlight failed to comply with when it filed its first and second redacted Responses and unredacted Response to Bridgelux's Motion to Dismiss. (*See* Dkt. Nos. 89, 90.)

First, the nature of facts contained in the exhibits being offered are clearly the subject of dispute. Everlight's CORRECTED Response, which relies on its Request for Judicial Notice to amplify its arguments that its induced infringement claims should not be dismissed for failing to allege Bridgelux's knowledge of Everlight's asserted patents. (*See* CORRECTED Response at 10.) While Bridgelux would not object to the Court taking judicial notice of the existence of the public records, Everlight has not specified the facts it wants the Court to take judicial notice of in a manner that would allow Bridgelux to evaluate whether they are subject to reasonable dispute and, therefore, respectfully requests that the Court not take judicial notice of the truth of facts recited in the documents. *See Calderon v. Barbarino*, 2013 WL 12176842, at *1 (N.D.Cal. 2013) (White, J.); *Copple v. Astrella & Rice, P.C.*, 442 F.Supp.2d 829, 834–35 (N.D.Cal. 2006) (White, J.); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Second, Everlight's Request is a transparent attempt to amend its Complaint through arguments made in its opposition brief, which is plainly improper. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."); *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1020 (N.D. Cal. 2011).

### IV.  CONCLUSION

Bridgelux's proposed order should be granted, and Everlight's Request for Judicial Notice should be denied.

Dated:  January 23, 2018                    Respectfully submitted,

**ARENT FOX LLP**

By:     /s/ *Dana J. Finberg*
    DANA J. FINBERG
    JEFF LEUNG
    MICHAEL G. OLEINIK
    Attorneys for Defendant/Counterclaimant
    BRIDGELUX, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed with the Court's CM/ECF system which will provide notice on all counsel deemed to have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing document by mail on this day.

Dated: January 23, 2018

By:   /s/ *Dana J. Finberg*
       DANA J. FINBERG