Russell C. Petersen (SBN 264245)
Russ.Petersen@hansonbridgett.com
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Li Chen (*pro hac vice*)
lchen@chenmalin.com
Kristoffer Leftwich (*pro hac vice*)
kleftwich@chenmalin.com
CHEN MALIN LLP
1700 Pacific Avenue, Suite 2400
Dallas, TX 75201
Telephone:    (214) 627-9950
Facsimile:    (214) 627-9940

ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANTS
Everlight Electronics Co., Ltd. and
Everlight Americas, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> BRIDGELUX, INC., <br><br> Defendant. <br><br> BRIDGELUX, INC., <br><br> Counterclaimant, <br><br> v. <br><br> EVERLIGHT ELECTRONICS CO., LTD. AND EVERLIGHT AMERICAS, INC., <br><br> Counterdefendants. | Case Number: 4:17-cv-3363-JSW-EDL <br><br> **PLAINTIFF EVERLIGHT ELECTRONICS CO., LTD.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE** <br><br> Date:   March 2, 2018 <br> Time:   9:00 a.m. <br> Dept:   Courtroom 5 <br> Judge:  Hon. Jeffrey S. White |

## I.   ARGUMENT

On January 16, 2018, Everlight Electronics Co., Ltd. ("Everlight") filed its Response to Defendant's Motion to Dismiss ("Response") and its Request for Judicial Notice in Support of Plaintiff Everlight Electronics Co., Ltd.'s Response to Defendant's Motion to Dismiss ("Request for Judicial Notice").  The Request for Judicial Notice sought Court recognition of ten publicly available, undisputed documents from the United States Patent and Trademark Office ("USPTO") (Exhibits B-K of the Chen Declaration) that relate to the issues presented.  In other words, Everlight asks the Court to take judicial notice of the existence and contents of these public records of the USPTO. *Gens v. Amerimade Tech, Inc.*, 2016 US Dist LEXIS 190060, at *7 n.2 ("The Court takes judicial notice of the information on the United States Patent & Trademark Office ("PTO") website on the basis that it is a matter of public record." (citing *Bhasin v. Pathak*, 2013 U.S. Dist. LEXIS 65664 (C.D. Cal. May 3, 2013) (taking judicial notice of trademark registration listed on official website of PTO))).

Everlight's Response at pages 3-4 identifies the relevant contents of the USPTO records and explains how those contents relate to this case:

> Bridgelux had knowledge of the '548 and '448 patents well before the date of Everlight's Original Complaint. On June 17, 2014, while Bridgelux was attempting to secure issuance of its U.S. Pat. Appl. No. 13/959,556 ("Bridgelux's '556 Application"), the USPTO cited Everlight's '548 Patent as a partial basis for rejecting claim 2 of Bridgelux's '556 Application. Chen Decl. Ex. G, at 6 (USPTO Office Action bearing a notification date of 06/17/2014). Similarly, on May 6, 2010, Bridgelux filed an Information Disclosure Statement with the USPTO, citing U.S. Pat. Appl. Publication No. 2002/0004251 ("the '251 Publication") and identifying the "Entire Document" as relevant to Bridgelux's pending application. Chen Decl., Exhibit I. The '251 Publication is a publication of Pat. Appl. No. 09/935,443, which issued as Everlight's '448 Patent after one continuation. *Compare* Chen Decl., Exhibit K, cover, code 21, *with* U.S. Pat. No. 7,253,448, cover, code 60 (identifying Everlight's '448 Patent as a "[c]ontinuation of application No. 09/935,443"). The Bridgelux attorney that disclosed the publication containing the subject matter of the '448 patent was Craig Gelfound–Bridgelux's counsel in this case. Chen Decl. ¶ 11 & Ex. J (Power of Attorney from Assignee).

In presenting the foregoing analysis to the Court, Everlight simply asks the Court to take notice of the existence and contents of certain indisputable USPTO records, *Gens*, 2016 US Dist LEXIS 190060, at *7 n.2, and to draw appropriate inferences in favor of Everlight as the non-moving party

-1-   Case No. 4:17-cv-3363 JSW-EDL

opposing a motion to dismiss, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012).

Rather than address the existence or authenticity of the records cited by Everlight, Bridgelux's opposition is an ad hominem attack on Everlight and its counsel.  Importantly, *in no way does Bridgelux contradict or place into issue the accuracy of the documents or contents sought to be judicially noticed.*  For example, Bridgelux does not dispute that, in an office action dated June 17, 2014, the USPTO cited Everlight's '548 patent as relevant prior art to Bridgelux's then-pending application.  Similarly, Bridgelux fails to dispute that, while prosecuting an earlier Bridgelux application, it filed an Information Disclosure Statement with the USPTO dated May 6, 2010 and citing a publication of Everlight's Pat Appl. No. 09/935,443, which had issued years earlier, after one continuation, as Everlight's '448 Patent.[1]

While Bridgelux (in its Reply Brief on the Motion to Dismiss) disagrees with the effect of this knowledge of its lawyer, Mr. Gelfound, Bridgelux does not dispute in any way that Mr. Gelfound *in fact* knew about the asserted Everlight patents.  In other words, Bridgelux is taking issue with an *inference* to be drawn from USPTO records but does not dispute the *contents* or *existence* of those records.  As the non-moving party responding to a motion to dismiss, Everlight is entitled to the inference, if reasonable.  For this inquiry regarding judicial notice, it is important only that the existence and contents of the records are not subject to dispute.

The parties agree that the Court may judicially notice "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201, and that a court may not "take judicial notice of any matter that is in dispute." *Spitzer v. Aljoe*, No. 13-05442, 2016 WL 3275148, at *1 (N.D. Cal. June 15, 2016).  In other words, a court may notice a fact not reasonably subject to dispute and capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. *Harrison v. Milligan,* 2012 WL 1835428, at *1 (N.D.Cal. 2012) (citing *In re Tyrone F. Conner Corp., Inc.,* 140

---

[1] U.S. Patent 7,253,448, at [45] (showing an issue date of Aug. 7, 2007).

1  B.R. 771, 781 (E.D.Cal. 1992)); *see also Stitt v. S.F. Mun. Transp. Agency,* No. 12-03704, 2013 WL
2  121259, at *2 (N.D. Cal. Jan. 8, 2013) (quoting *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151
3  (9th Cir. 2005)). In its Request for Judicial Notice, Everlight set forth a number of indisputable facts
4  regarding the existence and contents of the prosecution histories of patents/applications relevant to
5  this case.  Not only are the requested facts "not reasonably subject to dispute," *Bridgelux does not*
6  *dispute the accuracy of the facts presented.*  For example, Mr. Gelfound—an attorney at Bridgelux's
7  outside law firm in this case—does not dispute that he was aware of one or more Everlight asserted
8  patents based on his prosecution of the referenced applications at the USPTO even though he has the
9  ability and motive to dispute them.

10  Bridgelux's remaining case authorities are red herrings.  For instance, Bridgelux relies on
11  *Pratt v. Hedrick,* 2015 WL 3880383, at *2 (N.D. Cal. 2015) to argue that judicial notice does not take
12  the place of normal fact finding.  Everlight agrees that judicial notice is inappropriate where the
13  underlying documents "are subject to reasonable dispute" as was the case in *Pratt*.  *Id*. at *4. Here,
14  however, Everlight relies on publicly-available USPTO records that are completely undisputed by
15  Bridgelux.  Mr. Gelfound and Bridgelux had every opportunity to deny the USPTO documents
16  presented by Everlight, but they did not.  The requested USPTO records remain beyond dispute.

17  Finally, Bridgelux cites *Calderon v. Barbarino*, 2013 WL 12176842, at *1 (N.D. Cal. 2013)
18  and *Copple v. Astrella & Rice, P.C*., 442 F. Supp. 2d 829, 834–35 (N.D. Cal. 2006) for the proposition
19  that a court should not take judicial notice of facts that are reasonably in dispute.  Everlight agrees
20  with this settled principle of law, but that axiom does not apply here.  Everlight requests judicial
21  notice of USPTO records showing that either Everlight's asserted patents or related applications were
22  cited *both* by Bridgelux counsel to the USPTO and also by the USPTO back to Bridgelux counsel.
23  The fact requested is that documents provided to or by Bridgelux counsel identified certain
24  patents/applications of Everlight.[2]  Bridgelux may dispute the *inferential effect* of these documents,
25  but the *existence* of a public record of the USPTO citing a particular document or naming counsel of

---

[2] In its Response, Everlight asks the Court to infer from the existence and contents of these documents that Bridgelux had notice and knowledge of the patents-in-suit.  Again, Everlight is entitled to that inference, if reasonable, because Everlight is the non-moving party opposing a motion to dismiss.  *See In re Bill of Lading*, 681 F.3d at 1340.

1  record is an *indisputable fact* that Bridgelux has not even attempted to contest.  This approach is
2  consistent with the Court's holding in *Copple*:

> Copple asks the Court to take judicial notice of the objection Thayer filed in the Natural Gas proceedings, which bears a "filed" stamp. In taking judicial notice of a court document, this Court "may do so not for the truth of the facts recited therein, but for the existence of the [document], which is not subject to reasonable dispute over its authenticity." The Attorney Defendants do not dispute the existence or authenticity of Thayer's objection, nor do they dispute the fact that it was filed. Accordingly, the Court GRANTS Copple's request for judicial notice.

*Copple*, 442 F. Supp. 2d at 835 (internal citations omitted).  Just as in *Copple*, Bridgelux here contests the *inferences arising from* the citation of the Everlight patents/applications both from Bridgelux counsel to the USPTO and from the USPTO to Bridgelux counsel; what Bridgelux does not do is contest "the existence of the [document], which is not subject to reasonable dispute over its authenticity." *Id.*; *see also Gens v. Amerimade Tech, Inc.*, 2016 US Dist LEXIS 190060, at *7 n.2 ("The Court takes judicial notice of the information on the United States Patent & Trademark Office ("PTO") website on the basis that it is a matter of public record." (citing *Bhasin v. Pathak*, 2013 U.S. Dist. LEXIS 65664 (C.D. Cal. May 3, 2013) (taking judicial notice of trademark registration listed on official website of PTO))).

**Based on the foregoing**, Everlight requests that its Request for Judicial Notice be in all things granted.

DATED:  January 29, 2018            HANSON BRIDGETT LLP


                                    By: */s/ Russell C. Petersen*
                                    RUSSELL PETERSEN
                                    ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANTS
                                    Everlight Electronics Co., Ltd. and
                                    Everlight Americas, Inc.

                                    CHEN MALIN LLP
                                    LI CHEN (Admitted *pro hac vice*)
                                    KRISTOFFER LEFTWICH (Admitted *pro hac vice*)